U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 07-02340

ORDER DENYING CONFIRMATION OF PLAN

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**08/01/2007**



US Bankruptcy Court Judge
District of South Carolina

Entered: 08/02/2007

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 07-02340-DD |
| Eugene Goins and Angelia Alford Goins, | Chapter 13 |
| Debtor(s). | **Order Sustaining Trustee's Objection to Confirmation** |

THIS MATTER is before the Court on the Chapter 13 Trustee's ("Trustee") Objection to Confirmation ("Motion") under 11 U.S.C. § 1325(b)(1)(B)[1]. The basis for the Trustee's objection is that the joint debtors, Eugene Goins and Angelia Alford Goins ("Debtors"), are not paying all of their projected disposable income under the plan. A hearing was held on July 23, 2007.

Findings of Fact[2]

1. Debtors voluntarily filed for relief under Chapter 13 of the Bankruptcy Code on May 2, 2007.

2. Debtors are employed. Mr. Goins is beyond retirement age but continues to work at Mohawk Industries, Inc. Mrs. Goins is self-employed with Goins Grocery, a convenience store.

3. Debtors' annualized current income is $68,770.44, while the median income for a family of 3 in South Carolina is $49,846. The Debtors enjoy income above the South Carolina median.

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 et. seq., will be by section number only.

[2] This order contains the findings of fact and conclusions of law made pursuant to Fed. R. Bankr. P. 7052, made applicable to contested matters by Rule 9014. To the extent that any of the findings of fact constitute conclusions of law, they are adopted as such, and to the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

4. The Debtors report unsecured debt totaling $227,070.99. The Debtors' plan proposes to pay $1,800 per month for 60 months with a 10% distribution to unsecured creditors; an amount the Debtors can pay according to their Schedules I and J.

5. The third member of the household is Debtors' nineteen-year-old daughter who is a student at Francis Marion University, a state funded liberal arts college. The Debtors claimed this child as a dependant on their 2006 tax returns.

6. Debtors' daughter does not have student loan and is currently not on scholarship. Debtors' daughter does work part-time on days that she does not attend classes in an effort to help with the cost of college. There was no evidence of the amount of her contribution towards her education.

7. Debtors currently pay $250 per month in tuition for their daughter's college education and further contribute $500 per month for her living expenses.

## Conclusions of Law

Expenses for the college education and living expenses of Debtors' child are not includable as deductions from income for these above median income debtors and should be added to the projected disposable income to be paid under the Debtors' plan for the benefit of unsecured creditors.

Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("2005 Amendments"), courts were split as to whether college tuition and support of dependents in college were reasonably necessary expenses for a debtor in bankruptcy. The Eastern District of Virginia permitted payment of tuition and living expenses when the debtor's plan made a significant disbursement to unsecured creditors and the student was an upper classman. *In re*

*Riegodedios*, 146 B.R. 691, 693 (Bankr. E.D. Va. 1992); *See also, In re Gonzales*, 157 B.R. 604 (Bankr. E.D. Mich. 1993) (finding college expenses for two children reasonably necessary when, "the case involves relatively young adults studying for their baccalaureate degrees at a relatively reasonably-priced state university"). However, other courts found college expense assistance by parents to be admirable but not a necessity. *See, e.g., In re Skipper*, 274 B.R. 807 (Bankr. W.D. Ark. 2002). Generally, no bright line rules applied as to whether any particular expenditure was reasonably necessary. *See, e.g., Harder v. Hartford Life Ins. (In re Bonuchi)*, 327 B.R. 428 (Bankr. W.D. Mo. 2005).

The 2005 Amendments, significantly altered the methodology for calculating disposable income in Chapter 13 cases. *See, e.g., In re Cleary*, 357 B.R. 369, 373 (Bankr. D.S.C. 2006) (discussing the calculation of disposable income and finding that private school educational expenses for children under the age of eighteen, once disfavored by the majority of jurisdictions, were brought within the provisions of the Bankruptcy Code by the 2005 Amendments). In *Cleary*, this Court interpreted amended § 707(b)(2)(A)(ii)(IV) to evidence the Congressional public policy that private school tuition can be a reasonable and necessary expense. *Id.*

"'Disposable income' for above median income debtors is defined as a debtors 'current monthly income,' also a defined term under § 101(10A), less amounts reasonably necessary 'to be expended' as determined by § 707(b)(2)(A) and (B)." *Id.* at 372, *citing In re Edmunds*, 350 B.R. 636 (Bankr. D.S.C. 2006). Furthermore, § 1325(b)(3) directs that reasonably necessary expenditures for above median income debtors, "shall be determined in accordance with

subparagraphs (A) and (B) of section 707(b)(2)." The pertinent part of

§ 707(b)(2)(A)(ii)(IV) reads:

> [T]he debtor's monthly expenses may include the actual expenses for each dependent child less than 18 years of age, not to exceed $1,500 per year per child, to attend a private or public elementary or secondary school if the debtor provides documentation of such expenses and a detailed explanation of why such expenses are reasonable and necessary, and why such expenses are not already accounted for in the National Standards, Local Standards, or Other Necessary Expenses referred to in subclause (I).

Section 707(b)(2)(A)(ii)(IV), is to be given its plain and ordinary meaning. It applies to elementary or secondary school expenses. It applies to dependent children less than eighteen (18) years old. The omission of expenses for a college education suggests application of the legal maxim *expressio unius est exclusio alterius*, the expression of one thing is the exclusion of another. *See, e.g., In re Shank*, 240 B.R. 216, 225 (Bankr. D. Md. 1999) (finding that the scope of § 507(a)(8)(A)(iii) does not extend to exempt post-petition taxes).

In this case, the Debtors are above median income debtors and disposable income is determined under § 1325(b)(3). Educational expenses for students over the age of eighteen (18) and college expenses generally are no longer within the scope of "reasonable and necessary" expenses contemplated by the Bankruptcy Code. Because Congress expressed that debtor's expenses may include those of children under the age of eighteen (18) to attend elementary or secondary school, expenditures for children over the age of eighteen (18) and those outside the elementary or secondary school context are excluded.

The Debtors' deduction of the contribution of $500 for the daughter's living expenses must be rejected on a second ground. The daughter is included as a member of the Debtors' household for the purpose of computing the monthly

expenses under the National and Local Internal Revenue Service Standards. These standards include food, clothing, household supplies, personal care, housing, utilities, telephone, transportation, and miscellaneous expenses. While there was no testimony itemizing the expenses forming the basis of the $500 living expense contribution, there must certainly be some overlapping with the standards. Since the burden of proof for confirmation is on Debtors and no evidence was introduced to suggest that the contribution covers expenses other than within the scope of the standards the Court can only speculate as to the expenses. It declines to do so.

      For the reasons detailed above, the Trustee's objection is sustained. Confirmation of the Debtors' plan is denied.

**AND IT IS SO ORDERED.**

Columbia, South Carolina
August 1, 2007